UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION (MASTER FILE) NO. 5:06-cv-316 - KSF


**IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006**

**RELATING TO:**

**Civil Action No. 5:07-CV-36 McKee (Fayette Cir. Ct. No. 07-CI-205)**
**Civil Action No. 5:07-CV-37 Turner (Fayette Cir. Ct. No. 07-CI-204)**


## <u>OPINION AND ORDER</u>

This matter is before the Court on the motions of Plaintiff Barry McKee [DE #414] and Plaintiff Lois Turner [DE # 415] to remand these actions to the Fayette Circuit Court. The time for any responsive memoranda has passed without the filing of same; accordingly, these motions are ripe for review.

Plaintiff Barry McKee filed his complaint in Fayette Circuit Court, Case No. 07-CI-205, on January 10, 2007, alleging claims arising under state law. Comair, Inc. and Delta Air Lines, Inc. (collectively "Comair") filed a Notice of Removal January 31, 2007, alleging jurisdiction pursuant to the Federal Aviation Act of 1958 through preemption of state law standards and further alleging that Plaintiff's claims necessarily depend upon resolution of substantial questions of federal law. Plaintiff Lois Turner likewise filed her complaint in Fayette Circuit Court, Case No. 07-CI-204, on January 10, 2007, alleging claims arising under state law. Comair also removed this case on January 31, 2007, alleging the same jurisdictional basis as in McKee.

On April 24, 2007, Plaintiffs McKee and Turner moved to remand their cases to the Fayette Circuit Court for lack of subject matter jurisdiction as discussed in this Court's Opinion and Order dated April 13, 2007. In that Opinion, this Court held that it did not have subject matter jurisdiction

over identically situated plaintiffs' cases arising from the same air crash because the Federal Aviation Act of 1958 does not completely preempt state law, and the plaintiffs had not raised in their complaints any substantial federal question which could be entertained in a federal forum without disturbing the balance of federal and state judicial responsibilities.  Accordingly, those plaintiffs' cases were remanded to the Fayette Circuit Court.

The Court, having reviewed the record herein, finds that Plaintiffs McKee and Turner likewise based their claims against Comair exclusively upon state law, and the jurisdictional basis alleged for removal was the same as alleged in the remanded cases.  By not filing any response herein, Comair acknowledges through its silence that the present motions and cases are not distinguishable from the preceding cases.  The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

A.      The motions by Plaintiff Barry McKee [DE #414] (Fayette Cir. Ct. No. 07-CI-205) and Plaintiff Lois Turner [DE # 415] (Fayette Cir. Ct. No. 07-CI-204) to remand these actions to the Fayette Circuit Court for lack of subject matter jurisdiction in this Court are **HEREBY GRANTED**.

B.      These actions are **REMANDED** to the Fayette Circuit Court for further proceedings and are **STRICKEN** from the active docket of this Court.

This May 18, 2007.



**Signed By:**

**_Karl S. Forester_** $K S F$

**United States Senior Judge**